IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALEB CHARLESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-764-DWD |
| | ) | |
| ALEX JONES, | ) | |
| JOSHUA SCHOENBECK, | ) | |
| PAMELA WESTERMAN, | ) | |
| SARAH WOOLEY, | ) | |
| JOHN MCCALEB, | ) | |
| CHASE CARON, | ) | |
| JEFFREY GARDINER, | ) | |
| SHAUN GEE, | ) | |
| HEATHER MCGHEE, | ) | |
| PATRICK TROKEY, | ) | |
| CALE YOUNG, | ) | |
| JORDAN REES, and | ) | |
| TANGELA OLIVER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On July 15, 2019, Plaintiff Caleb Charleston, an inmate in the custody of the Illinois Department of Corrections, brought his 42 U.S.C. § 1983 Complaint alleging Eighth Amendment deliberate indifference claims against Defendants for failing to provide Plaintiff with adequate medical treatment following injuries sustained at Menard Correctional Center ("Menard") in 2017 (Doc. 1; Doc. 10). Defendant Tangela Oliver was originally named as Defendant John Doe 11 but was later substituted on July 15, 2020 (Doc. 40). Defendant Oliver executed and returned a waiver of service, and her answer was due by September 15, 2020 (Doc. 44). Defendant failed to timely appear and answer

the complaint, and the Clerk of Court entered default against Defendant Oliver on February 1, 2021 (Doc. 62). By motion dated February 10, 2021, Defendant Oliver now seeks to set aside the entry of default (Doc. 65).

Fed. R. Civ. P. 55(c) provides that "the court may set aside an entry of default for good cause." The standard for "good cause" is lenient, particularly where, as here, the Clerk has entered default, but default has not yet been finalized. *See JMB Mfg., Inc. v. Child Craft, LLC,* 799 F.3d 780, 791-792 (7th Cir. 2015); *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 631 (7th Cir. 2009) (The Rule 55(c) standard is more lenient due to the "policy of favoring trial on the merits over default judgment."). To prevail on a Rule 55(c) motion, the movant "must show: (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *See Cracco*, 559 F.3d at 630-631 (internal quotation and citation omitted). Good cause does not require a party to provide a good excuse so long as setting aside a default does not cause prejudice to the opposing party. *See JMB Mfg., Inc.*, 799 F.3d at 792; *see also Arwa Chiropractic, P.C. v. Med-Care Diabetic*, 961 F.3d 942, 948 (7th Cir. 2020) (noting the standard for good cause is less stringent than seeking relief from final judgment under Rule 60(b), which requires showing mistake, inadvertence, or excusable neglect). Likewise, to establish a meritorious defense, a party does not need to make a definitive showing that the defense will prevail, though more than bare legal conclusions must be provided. *See Acosta v. DT & C Global Management, LLC*, 874 F.3d 557, 561-562 (7th Cir. 2017).

Here, Defendant Oliver took quick corrective action in response to the entry of default. The default was entered on February 1, 2021, and she moved to set it aside nine

days later, on February 10, 2021. Oliver also demonstrates good cause for the default. While Oliver executed her waiver of service promptly upon receipt in July 2020, Oliver delivered the signed waiver to an Illinois Department of Corrections employee instead of the litigation coordinator at Menard, thereby causing some confusion as to how Oliver was to secure representation. Once Oliver learned of the Clerk's Entry of Default, she contacted counsel who quickly entered an appearance on Oliver's behalf. The Court accepts Oliver's representation of this confusion, and finds it akin to mistake or excusable neglect, and thus sufficient for establishing good cause. Oliver further claims to have a meritorious defense to Plaintiff's complaint, arguing that Plaintiff was provided with some medical care or treatment so that he cannot meet the high threshold to prevail on his Eighth Amendment deliberate indifference claims, which generally require something more than disagreeing with standards of care. The record therefore supports a finding that Oliver has a meritorious defense to Plaintiff's claims.

## Conclusion

For the above-stated reasons, Defendant Tangela Oliver's Motion to Set Aside Default (Doc. 65) is **GRANTED**. The default entered on February 1, 2021, is hereby **SET ASIDE**. Defendant Oliver shall answer or otherwise respond to Plaintiff's Complaint (Doc. 10) on or before March 31, 2021.

**SO ORDERED.**

Dated**:** March 17, 2021

DAVID W. DUGAN
United States District Judge

3