IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALEB CHARLESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-764-DWD |
| | ) | |
| ALEX JONES, | ) | |
| JOSHUA SCHOENBECK, | ) | |
| PAMELA WESTERMAN, | ) | |
| SARAH WOOLEY, | ) | |
| JOHN MCCALEB, | ) | |
| CHASE CARON, | ) | |
| JEFFREY GARDNER, | ) | |
| SHAUN GEE, | ) | |
| HEATHER MCGHEE, and | ) | |
| TANGELA OLIVER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court are three motions filed by Plaintiff Caleb Charleston: Motion for Reconsideration (Doc. 81), Motion for Reconsideration (Doc. 83), and Motion to Alter or Amend Judgment (Doc. 84). Defendants Caron, Gardner, Gee, Jones, McCaleb, McGhee, Schoenbeck, Trokey, Westerman, Wooley, and Young filed Responses in Opposition to the Motions (Doc. 89; Doc. 90).

By his Motions, Plaintiff asks the Court to reconsider the Order at Doc. 80 granting, in part, Defendants' motion for summary judgment on the issue of Plaintiff's exhaustion of administrative remedies and dismissing Counts 1 and 2 of Plaintiff's Complaint. Plaintiff maintains that he properly exhausted his administrative remedies, or that such

1

remedies were unavailable to him because of Defendants' or other third-persons' actions. Plaintiff repeats the arguments he presented in opposition to the motion for summary judgment and at the *Pavey* hearing on the motion.  Plaintiff specifically points to his affidavit, wherein he described multiple persons who allegedly thwarted his ability to submit his October 8, 2017 Grievance for mailing.  Plaintiff also relies heavily on his legal mail card, which showed certain documents were mailed to the Administrative Review Board in October and November 2017.  Plaintiff presented these arguments to the Court both in his briefing in opposition to Defendants' motion for summary judgment, and at the evidentiary hearing the Court held on April 15, 2021.

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider.  Rule 54(b) allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment as justice requires. FED. R. CIV. PROC. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge."). The granting of Defendants' motion for summary judgment and dismissal of Counts 1 and 2 of Plaintiff's complaint fall within the reach of Rule 54(b).

Motions to reconsider under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize

controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted); *see also Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations and citation omitted).

Plaintiff does not offer any new arguments or present any newly discovered evidence in support of his request for reconsideration. Instead, Plaintiff relies on the same arguments and evidence he presented in the briefing on Defendants' motion for summary judgment and at the *Pavey* hearing held on Defendants' motion. However, as the Court already determined in its Order at Doc. 80, the Court considered all of Plaintiff's arguments, in addition to Plaintiff's testimony at the April 15, 2021 hearing. Specifically, the Court found Plaintiff's testimony at the *Pavey* hearing credible, although too speculative to support the conclusion that Plaintiff properly mailed or submitted his October 8, 2017 Grievance in accordance with the Illinois Department of Corrections' administrative procedures (Doc. 80, p. 11). As Plaintiff has not presented any newly discovered evidence or alleged any manifest error of law or fact, the Court **DENIES** his Motions for Reconsideration (Doc. 81; Doc. 83).

Likewise, Plaintiff's Motion to Alter or Amend Judgment (Doc. 84) will be denied. Rule 59(e) permits the Court to alter or amend judgments upon a motion filed no later than 28 days after the date of entry. The purpose of Rule 59(e) is to provide the district

court with a means for correcting errors that may have "crept into the proceeding" while the district court still holds jurisdiction over the case. *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). This Court retains jurisdiction over the action, as the Order dismissing Counts 1 and 2 of Plaintiff's complaint only dismissed the action as to certain defendants. Therefore, the concern that Rule 59(e) protects against is mitigated in this instance.

A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt*, 807 at 252-253 (internal quotations and citation omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).  Again, as Plaintiff has not presented any newly discovered evidence or alleged any manifest errors of law or fact, the Court **DENIES** his Motion to Alter or Amend Judgment (Doc. 84).

## Motion to Appoint Counsel

Also pending before this Court is Plaintiff's Motion to Appoint Counsel and Memorandum in Support (Doc. 82).  When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  Plaintiff demonstrates that he has made a reasonable attempt to recruit counsel on his own, satisfying the first inquiry.

However, the Court is not inclined to appoint counsel on Plaintiff's behalf at this time. Plaintiff's pleadings and arguments demonstrate that he can articulate clearly and effectively on his own behalf.  This case involves a straightforward claim with no complex matters pending before this Court.   Additionally, the undersigned recently observed Plaintiff during a motion hearing and notes that Plaintiff appeared to be of clear mind and highly capable of representing himself considering the current posture of this case. For all these reasons, Plaintiff's Motion to Appoint Counsel (Doc. 82) is **DENIED, without prejudice**.  Plaintiff may renew his request by filing another motion if circumstances change and it becomes necessary to do so as the case proceeds.

## Disposition

For all of the above stated reasons, Plaintiff's Motions for Reconsideration (Doc. 81; Doc. 83), Motion to Alter or Amend Judgment (Doc. 84), and Renewed Motion to Appoint Counsel (Doc. 82) are **DENIED**.

**SO ORDERED.**

Dated: May 13, 2021

_____
DAVID W. DUGAN
United States District Judge

5