IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB CHARLESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-764-DWD |
| | ) |
| ALEX JONES, | ) |
| JOSHUA SCHOENBECK, | ) |
| PAMELA WESTERMAN, | ) |
| SARAH WOOLEY, | ) |
| JOHN MCCALEB, | ) |
| CHASE CARON, | ) |
| JEFFREY GARDINER, | ) |
| SHAUN GEE, | ) |
| HEATHER MCGHEE, and | ) |
| TANGELA OLIVER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Now before the Court is Defendant Tangela Oliver's Motion for Joinder (Doc. 97), in which Defendant asks to join in her Co-Defendants' Motion for Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies. In this matter, Plaintiff Caleb Charleston, an inmate of the Illinois Department of Corrections ("IDOC"), brings this 42 U.S.C. § 1983 action against Defendants following injuries Plaintiff sustained at Menard Correctional Center ("Menard") in 2017. As narrowed by the Court's threshold order (Doc. 10), Plaintiff originally proceeded on three counts; however, only Count 3 was directed at Defendant Oliver:

> **Count 3:**   Eighth Amendment deliberate indifference to a serious medical need claim against Jones, Westerman, Schoenbeck, Oliver Wooley,

1

McCaleb, Caron, Gardiner, Gee and McGhee for failing to provide plaintiff with adequate medical treatment following his attack.

Defendant Tangela Oliver is a late-appearing party. An entry of default was entered against Oliver on February 1, 2021 (Doc. 62), but subsequently set aside on March 17, 2021 (Doc. 72). Oliver filed her answer to Plaintiff's complaint on March 30, 2021 (Doc. 75) and was granted leave to file a motion for summary judgment on the issue of exhaustion of administrative remedies before May 31, 2021 (Doc. 78). By her Motion to Join (Doc. 97), Oliver asks to join her Co-Defendants' Motion for Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies (Doc. 54) and Memorandum in Support (Doc. 55), which were both filed on September 15, 2020. Defendant Oliver did not join in the original briefing on this Motion for Summary Judgment as she had not yet appeared in the case.

On March 17, 2021, the Court denied, in part, Defendants' Motion for Summary Judgment (Doc. 54), as it related to Count 3 of Plaintiff's Complaint (*See* Order at Doc. 71). Counts 1 and 2, however, were dismissed, without prejudice, following a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), held on April 15, 2021 (*See* Order at Doc. 80). Accordingly, only Count 3 of Plaintiff's Complaint remains. Instead of filing a separate motion for summary judgment, Defendant Oliver seeks to join in her Co-Defendants' prior Motion for Summary Judgment at Doc. 54, as it related to the only count against her, Count 3. Oliver represents that she is not seeking reconsideration of the Court's order denying Defendants' Motion for Summary Judgment as it relates to this Count, but that she seeks to join the same issues and raise the same arguments already

2

resolved by the Court in order to preserve the record for an appeal. Oliver clarifies that she maintains that Plaintiff did not fully or properly exhaust his administrative remedies pursuant to the Prison Litigation Reform Act and the Illinois Administrative Code, and is pursuing the same arguments raised by her Co-Defendants in the Memorandum in Support of their Motion for Summary Judgment at Doc. 55.

For good cause shown, Oliver's Motion for Joinder (Doc. 97) is **GRANTED**. Further, for the reasons stated in the Order at Doc. 71, the Court finds that Defendant Oliver cannot meet her burden to show that Plaintiff failed to exhaust his administrative remedies as to Count 3 of Plaintiff's Complaint. Therefore, Defendant Oliver's Motion for Summary Judgment (Doc. 54) as to Count 3 of Plaintiff's Complaint is **DENIED**.

**SO ORDERED.**

Dated: June 4, 2021

_____
DAVID W. DUGAN
United States District Judge