IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB CHARLESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-cv-764-DWD |
| | ) |
| ALEX JONES, | ) |
| JOSHUA SCHOENBECK, | ) |
| PAMELA WESTERMAN, | ) |
| SARAH WOOLEY, | ) |
| JOHN MCCALEB, | ) |
| CHASE CARON, | ) |
| JEFFREY GARDNER, | ) |
| SHAUN GEE, | ) |
| HEATHER MCGHEE, and | ) |
| TANGELA OLIVER, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**DUGAN, District Judge:**

Now before the Court is Plaintiff Caleb Charleston's Motion for Production of Document/Copy of Deposition (Doc. 104). In this Motion, Plaintiff suggests that he has not been given a sufficient opportunity to review and correct his deposition taken in this matter. Plaintiff indicates that he is "being forced to review my deposition only at [the] law library once a week for a[n] hour in a small room with 50 other inmates" and is not allowed to take the deposition back to his living area. Plaintiff requests that the Court enter an order granting Plaintiff "the opportunity to review and correct my deposition without the unnecessary scrutiny that I'm being forced to endure" and to receive copies of the deposition. Plaintiff offers to pay for copies.

1

On June 2, 2022, the Court directed Defendants to respond to Plaintiff's Motion. Defendants filed their responses on June 9, 2022 (Doc. 112, Doc. 113).[1] With their responses, Defendants submitted Plaintiff's signed errata sheet for his deposition taken on March 25, 2022 (Doc. 112-1). Plaintiff made no changes on the errata sheet and completed the certification under penalty of perjury on May 31, 2022 (*Id.*).

Defendants also attached a declaration from the law librarian at Menard Correctional Center, Shelley Shevlin (Doc. 112-2). Shevlin outlined the deposition review process used by Menard. Shelvin clarified that deposition transcripts are kept in the law library, and individuals are allowed to review the transcript at an assigned desk to make necessary changes. "If an individual needs additional time to review the transcript, they are placed on the library call line again the following week and will continue to be called down until the transcript has been fully reviewed and signed." (Doc. 112-2, ¶ 3). Shevlin further represented that if "excessive noise or other distractions" infringed on an individual's review, they could move to a different area of the law library (Doc. 112-2, ¶ 4). As to her interactions with Plaintiff, Shevlin testified that Plaintiff was provided a copy of his deposition transcript for his review on May 24, 2022 and May 31, 2022 for 1.5 hours each day (Doc. 112-2, ¶ 5). Finally, Shevlin stated that she confirmed with Plaintiff that he did not have any changes to make to before he signed the blank errata sheet (Doc. 112-2, ¶ 7).

---

[1] With her response (Doc. 103), Defendant Tangela Oliver represents that she has no personal knowledge related to Plaintiff's Motion and cannot opine on the deposition process at Menard. As such, she moves to join in her Co-Defendants' Response at Doc. 102. Defendant Oliver's motion (Doc. 113) is **GRANTED**, and the Court will construe the Response at Doc. 112 as a joint response submitted by all Defendants.

Reviewing these documents together, it appears Plaintiff has completed his review of the deposition transcript, submitted no corrections, and signed the errata sheet under penalty of perjury. Plaintiff's request for additional time to review his deposition transcript and/or to review his deposition transcript under different circumstances is therefore **DENIED, as moot**.

The Court further observes that Defendants' recently filed motions for summary judgment, with copies of Plaintiff's deposition attached as exhibits to the corresponding memorandums (*See* Doc. 107-2, Doc. 110-2). Defendants also completed certificates of service attesting that their motions for summary judgment, and Plaintiff's deposition, were mailed to Plaintiff on June 3, 2022 (Doc. 107, p. 10, Doc. 110, p. 18). Therefore, Plaintiff's request to receive copies of his deposition is also **DENIED, as moot**. Plaintiff may contact the court reporter if he wishes to purchase additional copies of his deposition transcript. As there appears to be no further relief requested by Plaintiff's Motion to Copy, the Motion (Doc. 104) is **DENIED, as moot, and without prejudice**.

### Rule 56 Notice to Plaintiff

Plaintiff is further reminded that his deadline to file a response to Defendants' Motions for Summary Judgment is 30-days after service of Defendants' Motion, or **July 5, 2022**. Plaintiff should further review the Federal Rule of Civil Procedure 56 Notices sent to Plaintiff by Defendants (*See* Doc. 108, Doc. 111). However, in an abundance of caution, the Court will also include this Rule 56 Notice language in this Order, so that Plaintiff is clearly informed of the consequences of failing to respond to a motion for summary judgment. To that end, Rule 56 provides in relevant part:

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

\*\*\*

**(c) Procedures.**

**(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

\*\*\*

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

Consistent with Rule 56, any factual assertion or statement made in the movant's affidavits and/or other documentary evidence may be taken as true by the Court *unless*

the non-movant (Plaintiff) contradicts the movant with counter-affidavits and/or other documentary evidence. Plaintiff may not rely on the allegations in the pleadings to support his claim; rather he must show by affidavit or other documentary evidence that there is a genuine dispute as to a material fact. If Plaintiff does not respond to the motion for summary judgment, the Court may enter judgment in favor of Defendants and this matter may be terminated. Further, the failure to file a response by the **July 5, 2022** deadline "may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(c).

**SO ORDERED.**

Dated:  June 10, 2022

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge